UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GALLUP MED FLIGHT, LLC

    Plaintiff,

v.                                No. 16-CV-1197

THE PHOENIX INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant The Phoenix Insurance Company ("Phoenix"), through its undersigned counsel, hereby removes the above-captioned action from the Eleventh Judicial District Court for the State of New Mexico, County of McKinley, Cause No. D-1113-CV-2016-00393, to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. Phoenix files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Phoenix respectfully states as follows:

1.    Phoenix is an insurance company incorporated in Connecticut, with its principle place of business located in Hartford, Connecticut.

2.    Based on information and belief, Gallup Med Flight, LLC ("Plaintiff") is a New Mexico company with its principal place of business located in Gallup, New Mexico which provides air ambulance services.

3.    On September 23, 2016, Plaintiff filed a complaint against Phoenix, which seeks to compel Phoenix to pay increased ambulance fees/rates and bad faith damages to air ambulance

companies in workers compensation matters, because the establishment of State regulation and review of such rates is allegedly preempted by the Air Deregulation Act, Pub. L. No. 95-504, 92 Sat. 1705 (1978). *See* Complaint, attached as **Exhibit A**, at ¶¶ 14-17.

4. In the Complaint, Plaintiff asserts claims for: (1) Collection of Debt and Money Due; (2) Breach of Contract; and (3) Breach of the Covenant of Good Faith and Fair Dealing. *See* Ex. A, Complaint, ¶¶ 19-33. Plaintiff's Complaint is, notably, not based on the New Mexico workers' compensation statute or regulations, and instead seeks additional monies and bad faith damages under the Air Deregulation Act ("ADA").

5. As is more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Phoenix satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

I. **PHOENIX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

6. Phoenix was served with Plaintiff's Complaint on October 3, 2016. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. §1446(a) and D.N.M. LR-Civ 81.1(a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached hereto as **Exhibit B**.

8. Venue is proper in this Court, because it is the "District and Division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. No previous application has been made for the relief requested herein.

10. No responsive pleadings to the Complaint have been filed in the state court action.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Eleventh Judicial District Court of the State of New Mexico, County of McKinley.

12. Phoenix will timely file an Answer in this Court in accordance with the Federal Rules of Civil Procedure.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1332.

### A. Diversity Jurisdiction

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

14. There is complete diversity of citizenship. Phoenix is formed and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and thus is not a citizen of New Mexico pursuant to 28 U.S.C. § 1332(c)(1). Plaintiff is a New Mexico company formed and existing under the laws of the State of New Mexico, with a principal place of business in Gallup, New Mexico. Ex. A, Complaint ¶ 1.

15. The amount in controversy requirement is satisfied. The Complaint shows that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332. This is, in-part, because Plaintiff's Complaint broadly requests any damages or relief available at law or equity.

16. Plaintiff alleges, *inter alia*, that it is entitled to damages in the amount of $44,930.36 and seeks additional damages for bad faith, which under New Mexico law may provide a basis for awarding punitive damages. *See Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-066, ¶ 45, 127 N.M. 1, 17, 976 P.2d 1, 17 (punitive damages available for

breach of the implied covenant of good faith and fair dealing claims); *Romero v. Mervyn's*, 1989-NMSC-081, ¶ 23, 109 N.M. 249, 255, 784 P.2d 992, 998 (same).

17. Paragraphs 31 – 32 of the Complaint, Plaintiff specifically alleges that Phoenix acted in bad faith when it refused to pay the full amount requested for reimbursement for the air ambulance fees. The calculation of the amount in controversy includes both compensatory and punitive damages. *See, e.g. Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1992). Juries in New Mexico, this Circuit and elsewhere have awarded large punitive damages sums against insurance companies in cases involving allegations of bad faith. *See, e.g. Capstick v. Allstate Ins. Co.*, 998 F.2d 810 (10th Cir. 1993) (jury awarded $2 million for alleged bad faith refusal to pay total-loss automobile insurance claim); *Burge v. Mid-Continent Casualty Co.*, No. 92-5973 (a 1998 jury verdict in New Mexico Second Judicial District Court of $957,400 for breach of contract, unfair claim practices and insurance bad faith); *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1114-15 (Okla. 1991) (jury awarded $2 million in punitive damages for alleged bad faith refusal to pay an underinsured motorist claim). Phoenix, therefore, estimates that Plaintiff's request for compensatory damages and punitive damages for an alleged breach of the implied covenant of good faith and fair dealing exceeds the jurisdictional requirement of $75,000.

      B. **Federal Question Jurisdiction**

18. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts a substantial federal question and Plaintiff cannot avoid federal jurisdiction through its artful pleading. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 2367 (2005); *Smith* v. *Kansas City Title & Trust Co.,* 255 U.S. 180, 65 L. Ed. 577, 41 S. Ct. 243 (1921).

19. For federal jurisdiction to exist, "plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" *Nicodemus v. Union Pac. Corp.*, 318 F.3d at 1235 (citing *Rice v. Office of Service Members' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)). A substantial question of federal law exists when the issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72, 79 (2013). "The claim must clearly and substantially involve a dispute or controversy respecting the validity, construction, or effect of such a law which will be outcome determinative." *Rubio v. McAnally Enters., LLC*, 374 F. Supp. 2d 1052, 1054 (D.N.M. 2005).

20. Here, Plaintiff's Complaint alleges that Plaintiff was improperly reimbursed for its air ambulance services because the ADA preempts the "State from enacting or enforcing any statute, regulation or other provision of law 'related to a price, route, or service of an air carrier.'" Ex. A, Complaint, ¶ 16 (quoting 49 U.S.C. § 41713(b)). Thus, Plaintiff's entitlement to the relief that it seeks rests entirely on the Court's interpretation of the ADA's preemption provision and do not look at the New Mexico Workers' Compensation Act as its exclusive remedy. As a result, a federal question is necessarily raised in the Complaint.

21. In enacting the ADA, Congress deregulated the commercial airline industry so that airlines would be required to compete with one another based on price, routes and service. *See Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 373 (3d Cir. 1999). Air ambulance patients, however, are distinguishable from the typical airline passenger, in that they realistically have no choice between ambulance providers.

22. In 1997, Congress passed legislation which required Medicare to establish air ambulance fees. *See* 42 U.S.C. § 1395m(f), Social Security Act Section 1834(l), added by Section 4531(b)(2) of the 1997 Balanced Budget Act, Pub. L. 105-33, 11 Stat. 251. States have similarly regulated the rates charged by air ambulance providers in workers' compensation matters.

23. Recently, air ambulance providers have increasingly begun to file suits asserting that State agencies lack the authority to regulate or reduce air ambulance fees. Similarly, Plaintiff allege in their Complaint here that workers compensation insurance providers must pay the rates charged by the ambulance provider – without any limitation or review imposed by the Workers' Compensation Administration.

24. Insurance companies, such as Phoenix, dispute that Congress actually intended the ADA to preempt state workers' compensation laws and regulations. Appeals concerning this substantial federal question are currently pending before the Tenth and Fifth Circuits. *See Eaglemed LLC v. Cox*, Case No. 16-8064 (10th Cir. June 16, 2016); *Air Evac EMS, Inc. v. State of Texas, Dept. of Ins.*, et al, Case No. 16-51023 (5th Cir. Aug, 18, 2016).

25. The McCarran-Ferguson Act precludes federal statutes from preempting state regulation of insurance, unless the federal statute specifically relates to the business of insurance. 15 U.S.C. § 1012(b); *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 128 (1982). Here, the ADA does not specifically relate to the business of insurance. Nonetheless, Plaintiff clearly alleges in paragraphs 14-17 of the Complaint that ADA preemption applies in this case and requires increased reimbursement rates for air ambulance services.

26. 28 U.S.C. § 1445(c) does not preclude removal of the claims pled by Plaintiff. *See Rubio v. McAnally Enters., LLC*, 374 F. Supp. 2d 1052, 1054 (D.N.M. 2005); *Hernandez v.*

*Menlo Logistics, Inc.*, 2013 U.S. Dist. LEXIS 156746 (D.N.M. Sept. 30, 2013); *Patin v. Allied Signal*, 77 F.3d 782, 788 (5th Cir. 1996) (concluding that § 1445(c) does not preclude removal of claims for insurance refusal to pay or bad faith); *Webb v. Transcon. Ins. Co.*, Civil Action No. 06-cv-00222-PSF-MJW, 2006 U.S. Dist. LEXIS 32587, at *7 (D. Colo. May 22, 2006) (same). Plaintiffs' claims seek recovery beyond what is afforded under the workers' compensation laws and relies primarily on its allegations in the Complaint that state regulation is preempted by a federal statute – the ADA.

27. The issue of preemption under the ADA is significant, and impacts not only the parties in this case, but also the State of New Mexico, numerous insurance companies, and air ambulance providers. As requested by Plaintiff, these claims if granted will open up a new subset of claims and remedies under the ADA in workplace injury reimbursements for air ambulance providers which may be asserted in state and federal courts. Accordingly, it would further the uniform development of the law for the federal court to interpret the scope of the preemption provision under the ADA and the intent of Congress in enacting this provision.

WHEREFORE, Phoenix respectfully removes this action from the Eleventh Judicial District Court for the State of New Mexico, County of McKinley, bearing Cause No. D-1113-CV-2016-00393.

                              MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

                              By: */s/ Jennifer L. Bradfute*
                                  Jennifer A. Noya
                                  Jennifer L. Bradfute
                                  500 Fourth Street NW, Suite 1000
                                  P.O. Box 2168
                                  Albuquerque, NM 81703-2168
                                  Telephone: (505) 848-1800

Fax: (505) 848-1889
*Attorneys for Defendant*

WE HEREBY CERTIFY that on the 31st day of October, 2016 a true and correct copy of the foregoing was filed electronically through the CM/ECF system and served via electronic mail to the following counsel of record:

>Keleher & McLeod, P.A.
>Jeffery A. Dahl
>P.O. Box AA
>Albuquerque, NM 87103
>Phone: 505-346-4646
>jad@keleher-law.com

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Jennifer L. Bradfute*
    Jennifer L. Bradfute