FILED IN MY OFFICE
DISTRICT COURT CLERK
9/23/2016 5:30:21 PM
WELDON J. NEFF
Michelle Sanchez

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

GALLUP MED FLIGHT, LLC,

    Plaintiff,

v.    No. D-1113-CV-2016-00393

THE PHOENIX INSURANCE COMPANY,

    Defendant.

### COMPLAINT FOR DEBT AND MONEY DUE AND BREACH OF CONTRACT

COMES NOW Plaintiff, Gallup Med Flight, LLC, ("GMF") by and through its attorneys, Keleher & McLeod, P.A., and for its Complaint states:

1. Plaintiff is a New Mexico company with its principal place of business in Gallup, New Mexico.

2. On information and belief, Defendant The Phoenix Insurance Company is a workers' compensation insurance company that does business in the State of New Mexico.

3. Venue and jurisdiction are proper in this Court.

### BACKGROUND

4. On or about January 22, 2015 John Marchak was a patient at the Rehoboth McKinley Christian Hospital ("RMCH") in Gallup, New Mexico, where he was receiving emergency medical treatment for an injury he suffered while working for his employer, Aaron's Inc.

5. Upon information and belief, Defendant The Phoenix Insurance Company provides workers' compensation insurance to Aaron's Inc.



1

6. Unable to adequately treat Mr. Marchak's medical condition, Mr. Marchak's treating physician Dr. Luce arranged to transfer Mr. Marchak from RMCH to Lovelace Downtown Medical Center ("Lovelace") in Albuquerque, New Mexico for treatment.

7. Based on the distance between the medical facilities, the unavailability of ground transportation and Mr. Marchak's medical condition, a medical transport fixed wing aircraft from GMF was summoned and responded to the request to medivac Mr. Marchak to Lovelace.

8. Mr. Marchak was safely transported via a fixed wing medical transport to Lovelace in Albuquerque pursuant to the protocols set forth under federal law.

9. Medical facilities providing emergency care must comply with the Emergency Medical Treatment and Active Labor Act ("EMTALA") 42 U.S.C. § 1395dd ("Statute").

10. The federal regulations which implement EMTALA are found at 42 C.F.R. § 489.24 ("Regulations"). The Regulations, while similar to Statute, contain additional provisions relevant to the enforcement and interpretation of the Statute by Centers of Medicare and Medicaid Services ("CMS").

11. CMS specifically mandates that it is the treating physician at the transferring hospital who decides how the individual is transported to the recipient hospital and what transport service will be used, since this physician has assessed the individual personally. The transferring hospital is required to arrange transport that minimizes the risk to the individual who is being transferred, in accordance with the requirements of §489.24[(e)(2)(iv)].

12. GMF provides critical emergency air transportation for those, like Mr. Marchak, in dire medical need of such transportation.

13. Dr. Luce, the emergency room physician treating Mr. Marchak, completed and signed a CERTIFICATE OF MEDICAL NECESSITY FOR AIR AMBULANCE TRANSPORT.

14. GMF is subject to subpart 49 U.S.C. § 4110 and operates under a "Part 135" certificate from the Federal Aviation Administration ("FAA") held by Air Medical Resource Group. As such, GMF is an "air carrier", as that term is defined in the Airline Deregulation Act ("ADA"). Pub. L. No. 95-504, 92 Stat. 1705 (1978).

15. The ADA expressly states that it is in the public interest to place "maximum reliance on competitive market forces and on actual and potential competition (A) to provide the needed air transportation system, and (B) to encourage efficient and well-managed carriers to earn adequate profits and to attract capital." See Pub. L. No. 95-504, § 3(a).

16. To prevent state interference with its objective, Congress included a preemption provision in the ADA that prohibits a State from enacting or enforcing any statute, regulation or other provision of law "related to a price, route, or service of an air carrier." See Pub. L. No. 95-504, § 4(a) (currently codified at 49 U.S.C. § 41713(b)).

17. The U.S. Department of Transportation ("DOT") has consistently taken the position that the ADA's preemption provision applies to the field of air ambulance services.

18. GMF is generally selected and dispatched by a patient's treating physician (almost exclusively from hospitals and emergency rooms) because GMF has favorable estimated transport times.

### Count I – Collection of Debt and Money Due

19. Mr. Marchak suffered a work related injury which ultimately resulted in his transport to Lovelace by GMF.

20. GMF charged $51,051.01 for the transport and, as directed, submitted the bill to The Phoenix Insurance Company Workers' Compensation Unit.

21. Pursuant to New Mexico law, Defendant was required to pay the bill.

22. Instead of paying the complete bill, Defendant paid Plaintiff $6,120.65.

23. Defendant has refused to pay the remainder of the billed charges.

24. GMF is entitled to recover the remainder of the billed charges.

### Count II – Breach of Contract

25. On or about January 22, 2015 John Marchak signed a Billing and Consent to Transport form wherein he assigned to GMF all right, title and interest in all benefit plans from which his dependents or he were entitled to recover for the services provided by GMF.

26. Defendant was contractually obligated to pay for the medical services provided to its insured John Marchak by GMF.

27. John Marchak was entitled to recover from Defendant payment for the services provided by GMF.

28. Defendant has breached its contract to pay for the services provided by GMF.

29. GMF has been damaged as a result of the breach of contract in the amount of $44.930.36.

### Count III – Breach of Covenant of Good Faith and Fair Dealing

30. All contracts in New Mexico include an implied covenant of good faith and fair dealing.

31. Defendant acted in bad faith and disregarded GMF's rights in refusing to pay for the medical services provided by GMF to Defendant's insured John Marchak.

32. Defendant, in bad faith, attempted to satisfy its contractual requirements by only paying for a portion of the services provided by GMF to Defendant's insured John Marchak.

33. As a result of Defendant's breach of the covenant of good faith and fair dealing, GMF has been damaged in the amount of $44,930.36.

WHEREFORE, GMF prays that the Court enter judgement in favor of GMF and against The Phoenix Insurance Company, and grant GMF the following relief:

A. Compensatory damages in the amount of $44,930.36;

B. Prejudgment interest on this amount from January 22, 2015, through the date of judgment;

C. Any other interest, damages, or relief available at law or equity.

Respectfully submitted,

**KELEHER & McLEOD, P.A.**

*Electronically Filed on 09/23/2016*
By: /s/ Jeffrey A. Dahl
Jeffrey A. Dahl
P.O. Box AA
Albuquerque, NM 87103
(505) 346-4646 telephone
jad@keleher-law.com
*Attorneys for Plaintiff*

4813-5513-5288, v. 1

Office of Superintendent of Ins.
Service of Process
PO Box 1689
Santa Fe, NM 87504-1689

CERTIFIED MAIL

7012 3460 0003 1668 8469

The Phoenix Insurance Company
C/O Corporation Service Company
123 East Marcy, Suite 101
Santa Fe, NM 87501

U.S. POSTAGE PITNEY BOWES
ZIP 87501 $ 007.36
02 4W
0000340467 SEP 30 2016



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

A3M / ALL
Transmittal Number: 15702661
Date Processed: 10/04/2016

| | |
|---|---|
| **Primary Contact:** | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street, 9275-LC12L<br>Saint Paul, MN 55102 |
| **Entity:** | The Phoenix Insurance Company<br>Entity ID Number  2317357 |
| **Entity Served:** | The Phoenix Insurance Company |
| **Title of Action:** | Gallup Med Flight, LLC vs. The Phoenix Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | McKinley County District Court, New Mexico |
| **Case/Reference No:** | D-1113-CV-2016-00393 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 10/03/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Superintendent of Insurance on 09/30/2016 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jeffrey A. Dahl<br>505-346-4646 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

| | |
|---|---|
| **SUPERINTENDENT OF INSURANCE**<br>John G. Franchini – (505) 827-4299 | Service of Process<br>Room 432<br>(505) 827-4241 |
| **DEPUTY SUPERINTENDENT**<br>Robert Doucette – (505) 827-4439 | |

September 30, 2016

The Phoenix Insurance Company
C/O Corporation Service Company
123 East Marcy, Suite 101
Santa Fe, NM 87501

Re: Gallup Med Flight, LLC Vs The Phoenix Insurance Company,
D1113CV2016-00393

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, and Complaint for Debt and Money Due and Breach of Contract, to Defendant The Phoenix Insurance Company, in the State of New Mexico on the above styled cause, Service has been accepted on your behalf as of September 30, 2016.

Respectfully,

*[signature: John D. Franchini]*

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0003 1668 8469

4-206. Summons.
[For use with District Court Civil Rule 1-004 NMRA]

| SUMMONS ||
|---|---|
| District Court: ELEVENTH JUDICIAL McKinley County, New Mexico Court Address: 207 W. Hill Ave., Suite 200 Gallup, New Mexico 87301 Court Telephone No.: 505-863-6816 | Case Number: D-1113-CV-2016-00393 Judge: Robert A. Aragon |
| Plaintiff(s): GALLUP MED FLIGHT, LLC, v. Defendant(s): THE PHOENIX INSURANCE COMPANY. | Defendant(s): Name: The Phoenix Insurance Company Address: c/o Office of the New Mexico Superintendent of Insurance P.O. Box 1689 Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT:** Take notice that:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this 26th day of September, 2016.

RECEIVED
SEP 3 0 2016
Office of Superintendent of Insurance

CLERK OF DISTRICT COURT

By: _____
Deputy

[Seal: STATE OF NEW MEXICO DISTRICT COURT COUNTY OF McKINLEY]

*Electronically submitted*
*/s/ Jeffrey A. Dahl*
Attorney for Plaintiff or Plaintiff pro se
Name: Jeffrey A. Dahl, Keleher & McLeod, P.A.
Address: P.O. Box AA, Albuquerque, NM 87103
Telephone: (505) 346-4646; Fax: (505) 346-1370
Email Address: jad@keleher-law.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

_____

### RETURN[1]

STATE OF _____   )
                            )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner: **(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

USE NOTE

   1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
   2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.
[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

4821-5842-5913, v. 1

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/19/2016 5:21:16 PM
WELDON J. NEFF
Michelle Sanchez

# STATE OF NEW MEXICO
## OFFICE OF THE SUPERINTENDENT OF INSURANCE

### CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

D-1113-CV-2016-00393

GALLUP MED FLIGHT, LLC.,
    Plaintiff,

Vs.

THE PHOENIX INSURANCE COMPANY,
    Defendants.

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, and Complaint for Debt and Money Due and Breach of Contract, to Defendant The Phoenix Insurance Company was sent to Defendant THE PHOENIX INSURANCE COMPANY on September 30, 2016 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on October 3, 2016 as shown by return receipt by Postmaster.

In hereunto set my official seal on this 13th day of October, 2016

*John G. Franchini* (signature)

Superintendent of Insurance

EXHIBIT B